# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Jeffrey Cole |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3736 | **DATE** | 2/18/2011 |
| **CASE TITLE** | Teamsters Local Union No. 727, et al. vs. SCI Illinois Services, Inc. | | |

**DOCKET ENTRY TEXT**

The parties have asked that I "modify" my Order of 2/4/11. (Actually, it is the order of 1/27/11, which was entered on the docket on 2/4/11). For the reasons outlined in the Written Opinion below, the Joint Motion to Modify Order [51] is denied. To view this order in its entirety, please click the hyper-link document number.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## WRITTEN OPINION

The motion states that it was the parties' understanding that they were to have a face-to-face settlement conference on 3/7/11 in my courtroom and that they were to exchange a few days before that the particularized and itemized spreadsheets reflecting the amounts each party claims is due and owing. According to the motion I would be available in the event the parties required assistance. It would then be decided by the parties whether a " third settlement conference" should be scheduled. The language of my order could not be more plain and does not support the interpretation accorded it in the motion to modify. Nor does the motion explain why it took 11 days for the motion to be filed if, in fact, the parties interpretation was at variance with the plain language of the order. The order of 1/27/11 explicitly states that a "third and final settlement conference" would proceed on 3/7/11 at 10:30 a.m. and that "prior to the 3/7/11 settlement conference date" the parties were to have a face-to-face conference and exchange the documents that should have been provided long before the first settlement conference in this case occurred. It is impossible to have a meaningful settlement conference when the parties have not told each other how much each side thinks is due and owing. In the main, these are mathematical computations. To be sure, people can disagree about the numbers. But until each side knows what the other is contending, there can be no progress in attempting to understand each side's position and to come to some meaningful compromise.

The complaint in this case was filed on 6/22/09 and counsel for the defendant filed their appearance on 7/8/09. And yet, to this day and despite two settlement conferences, there has not been the kind of exchange of the basis for the calculations of the amounts involved in the case, as contended for by each side. My order of 12/15/10 stated that "the parties are to promptly provide information, documents and affidavits to the other as appropriate in accordance with the discussion at the [first settlement] conference." It was precisely because of the apparent futility of continued conferences that I entered the order of 1/27/11. It was obviously my intent, as reflected in the plain language of the order. for the parties to do prior to 3/7/11 what should have been done long ago. It was hoped that given the pre-3/7/11 exchange of information called for in the order that there could be meaningful progress at the settlement conference on 3/7/11. The reason for the order providing that the third, formal

| WRITTEN OPINION |
|---|

conference on 3/7/11 would be the final one was hopefully to prompt the kind of productive activity that seemed to me to be absent from the otiose discussions in the first two conferences.

There is no reason to further delay until 3/7/11 the exchange of data required by the order of 1/27/11. No reason is offered as to why that exchange should be delayed any further, and I decline to do so. Hence, the parties are again ordered to have, prior to the 3/7/11 settlement conference with the court, a face-to-face settlement conference and exchange the information essential to any informed compromise in this case. The information required by my order is not surprisingly precisely the kind of information that each side has to have in order to try the case. If the parties would like to have the pre-3/7/11 conference in my courtroom, they are welcome to do so. Depending upon what occurs at the formal settlement conference on 3/7/11, a decision will be made about a further conference or conferences. But if the conference on 3/7/11 is essentially a repeat of what has gone on in the first two conferences, there will be no point in any further conferences. There have been repeated extensions of discovery in this case. My order of 12/15/10 provided that if the case was not resolved, final dates would be set on 1/27/10. If the case is not resolved at the conference on 3/7/11, or if sufficient progress is not make warranting a further settlement conference, discovery will close on 4/15/11.

This is not the only case on the court's calendar and every hour needlessly spent on a dispute that could be profitably spent on a case in which resolution of the issues could only come from the court is an hour wasted. *See Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir.1991). The motion to modify [#51] is denied. It remains to be seen whether any future conference will be scheduled after 3/7/11.